```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
```

TADHG CORCORAN,

                Plaintiff,      **ORDER ADOPTING REPORT AND RECOMMENDATION**

  -against-                15-CV-2489(KAM)(RML)

NATIONAL SPECIALTY INSURANCE COMPANY,

                Defendant.
```
----------------------------------X
```

**MATSUMOTO, United States District Judge**:

        Before the court is a Report and Recommendation (Report and Recommendation ("R&R"), ECF No. 50) from Magistrate Judge Robert M. Levy, recommending that the court deny plaintiff's motion for summary judgment and grant defendant's cross-motion.  The R&R instructed that any objections to the R&R be submitted within fourteen (14) days of the filing of the R&R on August 15, 2017, but plaintiff has not filed any objections, and the time to file objections has now passed.  (*See* R&R, ECF No. 50 at 14-15.)  As Judge Levy noted, failure to file objections within the specified time waives the right to appeal this order.  (*Id.* (citing 28 U.S.C.§ 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e)).)  For the reasons set forth below, the court adopts the thorough and well-reasoned R&R in its entirety and grants summary judgment for defendant.

This action arises from an August 11, 2012 incident at El Potrero Mexican Restaurant ("El Potrero") in Queens, New York, in which plaintiff Tadhg Corcoran asserts that he was assaulted and injured by El Potrero's doorman, Tony A. Cherry, Jr. (Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment, ECF No. 44-1 at 1.) On September 24, 2012, Mr. Corcoran's attorney, Scott Wolinetz, sent a letter to El Potrero notifying the restaurant of Mr. Corcoran's claim for unspecified personal injuries. The letter simply asserted that Mr. Corcoran suffered injuries due to the "negligence, carelessness and recklessness" of, *inter alia*, El Potrero's agents and employees, but it did not explain that the incident was an assault, or provide any details about the claim other than the date on which it occurred and its location at El Potrero. (September 24, 2012 Letter, ECF No. 40-1 at 2.[1]) National Specialty Insurance Company, defendant in this action, provided general commercial liability insurance to El Potrero, and the letter concerning Mr. Corcoran's claim was forwarded to defendant's third-party claims administrator, Risk Control Associates ("RCA"), with a note that El Potrero had "no knowledge" of the incident. (Claim File, ECF No. 40-16 at 9 (entry for October 18, 2012).) RCA employees attempted to

---

[1] References to exhibit pages are to the page numbers of the documents as filed on ECF.

2

contact Mr. Wolinetz on several occasions in October 2012 and February 2013 to learn more about Mr. Corcoran's claim, but were unable to reach him, and El Potrero denied having knowledge of the incident. (*See id.* at 8-9 (entries for October 18, 2012, October 23, 2012, October 25, 2012, February 8, 2013, February 11, 2013).)

Mr. Corcoran commenced a personal injury action against El Potrero and Mr. Cherry in state court on January 14, 2013. (*See* Complaint in *Corcoran v. Cherry et al.*, ECF No. 40-2 at 3.) On February 27, 2013, an RCA claims adjuster again called and emailed Mr. Wolinetz, and Mr. Wolinetz responded by email, attaching the complaint from the state lawsuit, which included allegations describing the August 11, 2012 incident at El Potrero in which plaintiff was injured. (Claim File at 7; *see* Complaint in *Corcoran v. Cherry et al.*, ECF No. 40-2 at 3-5.) On March 4, 2013, RCA notified both El Potrero and Mr. Wolinetz that defendant disclaimed coverage of the August 11, 2012 incident, pursuant to assault and battery exclusions contained in El Potrero's insurance policy with defendant. (Claim File at 6-7.) Mr. Corcoran served El Potrero in the state tort case on March 29, 2013, but both El Potrero and Mr. Cherry failed to appear or answer, and Mr. Corcoran secured a default judgment on January 7, 2014. (Default Judgment in *Corcoran v. Cherry, et al.*, ECF No. 44-10 at 2-4.)

A judgment in the amount of $1,263,157.33 was entered in favor of plaintiff and against El Potrero and Mr. Cherry on October 31, 2014 in the Supreme Court of Queens County. (Copy of Judgment, Pl. Ex. I, ECF No. 44-11 at 1.)

Mr. Corcoran commenced this action on April 2, 2015,[2] seeking a declaratory judgment that defendant is obligated to provide coverage for El Potrero and pay the default judgment in the underlying state tort case. As Judge Levy explains, because there is no dispute that El Potrero's insurance policy with defendant contained an assault and battery exclusion that would otherwise preclude coverage of the August 11, 2012 incident, the only issue presented by the instant motions is whether defendant disclaimed coverage of the incident in a timely fashion. (R&R at 9; *see* Plaintiff's Memorandum of Law in Support of Motion for Summary Judgment.)

After a careful analysis of the record, Judge Levy concluded that defendant's disclaimer of coverage was not untimely. (R&R at 13.) Judge Levy reasoned that Mr. Wolinetz's September 24, 2012 letter was devoid of any details that would enable defendant either to determine whether it would cover Mr. Corcoran's claims against El Potrero, or to investigate the

---

[2] The action was removed to this court on May 1, 2015, on the basis of this court's diversity jurisdiction. (Notice of Removal, ECF No. 1.)

claim further. (*Id.*) Judge Levy noted that RCA attempted to contact Mr. Wolinetz on multiple occasions to get more details concerning the claim, but received no responses, which suggested that the claim had been abandoned — indeed, the RCA claims adjuster noted on February 11, 2013 that she would "consider denial" if she did not hear back from Mr. Wolinetz "by next diary [entry]." (*Id.*; *see* Claim File at 8-9.) When Mr. Wolinetz eventually did provide more details about the underlying claim against El Potrero by sending defendant a copy of the state court complaint against El Potrero and Mr. Cherry, defendant disclaimed coverage within a week. (*See* Claim File at 6-7.) In addition, Judge Levy observed that plaintiff was not substantially prejudiced by defendant's disclaimer in early March 2013, because by that time plaintiff had not yet served El Potrero in the state tort case. (R&R at 13.)

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" in an R&R. 28 U.S.C. § 636(b)(1)(C). Where no objections are made, the court may adopt the R&R without *de novo* review, *see Thomas v. Arn*, 474 U.S. 140, 150 (1985), and need only review for clear error on the face of the record. *See* Fed. R. Civ. P. 72(b); *Baptichon v. Nev. State Bank*, 304 F. Supp. 2d 451, 453 (E.D.N.Y. 2004), *aff'd*, 125 F. App'x 374 (2d Cir. 2005) (summary order).

The court has reviewed the unopposed R&R for clear error and, finding none, the court adopts the R&R in its entirety pursuant to 28 U.S.C. § 636(b)(1). Accordingly, the court DENIES plaintiff's motion for summary judgment and GRANTS defendant's cross-motion for summary judgment. The Clerk of Court is respectfully directed to enter judgment in favor of defendant National Specialty Insurance Company, and to close the case.

**SO ORDERED.**

Dated: September 30, 2017
       Brooklyn, New York

                                    _____/s/_____
                                    Hon. Kiyo A. Matsumoto
                                    United States District Judge